# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JEREMY A. WEBB                                                                    PETITIONER

v.                                      NO. 3:14-cv-00217 DPM/HDY

WENDY KELLEY, Director of the                                           RESPONDENT
Arkansas Department of Correction

## REVISED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

INTRODUCTION. On March 18, 2015, the undersigned issued findings and a recommendation in the case at bar. Later that same day, petitioner Jeremy A. Webb ("Webb") filed an out-of-time supplemental response, and a motion to deem his supplemental response timely. The undersigned reviewed his supplemental response and determined that revised findings and a recommendation should be issued. His motion to deem his supplemental response was granted, and his supplemental response has been considered. The undersigned now issues revised findings and a recommendation.

STATE COURT PROCEEDINGS. On December 4, 2007, Webb pleaded guilty in an Arkansas state trial court to one count of theft of property in case number CR-2007-21. He was sentenced to 270 days of imprisonment, sixty months of probation, eight hundred dollars in restitution, and two hundred dollars in court costs.

On September 4, 2012, an officer with the Arkansas Department of Community Correction signed a violation report ("violation report") in which she represented that Webb had violated the terms of his probation, in part, because he was "behind $915 in Supervision Fees." See Pleading 15, Exhibit D at 3. The violation report was filed with the state trial court clerk on December 5, 2012, or on what Webb represents to have been "[two] days after [his] probation [in CR-2007-21] expired." See Pleading 1 at 4. A petition to revoke his probation was filed in the state trial court on December 11, 2012, and a warrant was issued for his arrest.

On October 23, 2013, Webb filed a motion to dismiss the petition to revoke his probation. In the motion, he maintained that his term of probation in CR-2007-21 expired before the violation report was signed or filed and before the petition to revoke his probation was filed. He maintained that Ark. Code Ann. 5-4-309 and 5-4-310 required that the petition to revoke be dismissed. The motion to dismiss was never addressed because on December 5, 2013, Webb entered a negotiated plea of guilty to the petition to revoke. He was sentenced to eighteen months imprisonment with an additional suspended sentence of sixty months. The sentencing order and an amended sentencing order contained the following notation: "old fine balance $930." See Pleading 15, Exhibit H at 2, 4. In a plea and sentencing recommendation form signed by Webb, he agreed, in part, to "pay old fines [and] costs $930 balance." See Pleading 15, Exhibit H at 8.

On July 23, 2014, Webb filed a state trial court motion to vacate, set aside, or correct his sentence in CR-2007-21. In the motion, he again maintained that his term of probation in CR-2007-21 expired before the violation report was signed or filed and before the petition to revoke his probation was filed. He maintained that Ark. Code Ann. 5-4-309 and 5-4-310 required that the sentence in CR-2007-21 be vacated, set aside, or corrected. Webb also raised two additional claims in his motion, those being, his trial attorney was ineffective for failing to challenge the state trial court's jurisdiction, and the state trial court judge erred when he failed to address the motion to dismiss. For some reason not clear from the record, a ruling was never made on the motion to vacate, set aside, or correct the sentence.

FEDERAL COURT PROCEEDINGS. Webb commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he maintained that his term of probation in CR-2007-21 expired before the violation report was signed or filed and before the petition to revoke his probation was filed. He maintained that Ark. Code Ann. 5-4-309 and 5-4-310 required that the revocation of his probation be set aside. Webb additionally maintained that "the probation revocation was not supported by sufficient evidence." See Pleading 1 at 8.

Respondent Wendy Kelley ("Kelley") filed a response to the petition. In the response, she took no position on "the merits of Webb's claim or on the question of whether, having failed to appeal the [parole] revocation, there remains any state-law forum in which he might pursue it." See Pleading 8 at 3. She instead maintained that the petition should be dismissed because it "relies exclusively on state law" and, for that reason, fails to state a cognizable claim. See Pleading 8 at 1.

Webb filed a reply to Kelley's response. The undersigned liberally construed Webb's reply in such a way so as to find that he alleged the State of Arkansas violated his right to due process when he was sentenced for the probation violation in CR-2007-21 after he completed the term of probation.[1] Given the construction of Webb's reply, Kelley was invited to file a supplemental response to Webb's petition.

---

[1] The undersigned so construed Webb's reply despite the fact that he relied exclusively upon state law in making his assertion. The undersigned assumed, without deciding, that Webb's assertion stated a federal due process claim.

Kelley filed a supplemental response and maintained that the petition should be dismissed because it is procedurally barred from federal court review and because its claims warrant no relief. As to the latter assertion, she maintained the following:

> ... Arkansas empowers the circuit court to exercise jurisdiction after the probationary period has expired over probationers who have failed to pay court-ordered restitution. See Ark. Code Ann. 19-93-311 (Repl. 2001); see also, e.g., Hooten v. State, 2014 Ark.App. 375 at 3 ("For many years, it has been the law that a circuit court automatically retains jurisdiction over a defendant who has been ordered to pay restitution until the restitution has been paid in full, even beyond the duration of the stated period of suspension or probation.") As noted, Webb failed to pay any of the $800 due in restitution to his victim ... and so the circuit court retained jurisdiction to revoke his probationary sentence.

See Pleading 15 at 7.

Webb filed a supplemental response in which he made several assertions, five of which follow. First, he admitted that he did not litigate the claims at bar in state court but asked that his failure be excused because he had no available state remedy. Second, he maintained that state law is clear: unless a petition to revoke is filed before the expiration of a probationary period, the state trial court has no jurisdiction. Third, Webb maintained that "supervision fees" are not "restitution," and he cannot be imprisoned for failing to pay "supervision fees." Fourth, his trial attorney was ineffective for failing to challenge the state trial court's jurisdiction. Last, he maintained that a different state trial court dismissed a similar petition to revoke because it was not filed before the expiration of his probation on a sentence from that county.

ANALYSIS. The undersigned has reviewed the record in this case. For the reasons that follow, it is recommended that Webb's petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. It is also recommended that a certificate of appealability be denied.

First, Webb alleges the mere violation of state law and makes no allegation that federal law or the federal constitution was violated. It is axiomatic that "federal habeas corpus relief does not lie for errors of state law ..." See Evenstad v. Carlson, 470 F.3d 777 (8th Cir. 2006). His petition should be dismissed because it does not allege the violation of federal law or the federal constitution.

Second, the undersigned previously assumed that Webb's challenge to the state trial court's jurisdiction states a federal due process claim. It is now clear that he never accorded the state courts of Arkansas an opportunity to address that claim or either of his other two claims, i.e., his challenges to his trial attorney's representation and the evidence to support the revocation of his probation. The claims are therefore procedurally barred from federal court review unless he can show cause and prejudice.

Webb maintains that his procedural default should be excused because he had no available state remedy. He is mistaken. At a minimum, he could have challenged the state trial court's jurisdiction during the revocation hearing. In light of the fact that he pleaded guilty to the petition to revoke, he could not have prosecuted a direct appeal. He could have, though, filed a collateral attack and challenged his trial attorney's representation and counsel's role in permitting Webb to plead guilty.

The undersigned has nevertheless considered whether the United States Supreme Court decision in <u>Martinez v. Ryan</u>, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), has some application in the case at bar.[2] The undersigned finds that the decision has no application because Webb's challenge to his trial attorney's representation is not a "substantial claim of ineffective assistance at trial." The state trial court had jurisdiction to revoke Webb's probation.

The undersigned has also considered whether Webb is actually innocent. Although not true cause for a procedural default, a showing of actual innocence can serve as a gateway through which a petitioner can obtain federal court review of an otherwise procedurally barred claim. <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). Webb has failed to make the requisite showing as he failed to produce "new evidence of factual innocence." <u>See</u> <u>Niederstadt v. Nixon</u>, 505 F.3d 832, 840 (8th Cir. 2007) (Colloton, J., concurring).

In short, Webb's petition should be dismissed because the claims contained in it are procedurally barred from federal court review. He has not offered a reason for excusing his failure to raise the claims in state court or for ignoring his failure to do so.

---

[2]

In <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991), the Supreme Court held that ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse a procedural default. In <u>Martinez v. Ryan</u>, the Supreme Court announced the following "narrow exception" to the holding in <u>Coleman v. Thompson</u>:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

See <u>Martinez v. Ryan</u>, 132 S.Ct. at 1320.

Third, notwithstanding the foregoing, the undersigned assumes that Webb's challenges state federal claims, including his challenge to the state trial court's jurisdiction. The undersigned also assumes that the claims are not procedurally barred from federal court review. His petition should be dismissed, though, because the claims contained in it warrant no relief.

As a preliminary matter, the undersigned notes that Webb does not allege he was unable to pay the restitution and court costs in CR-2007-21. Because he makes no such assertion, it is not necessary to consider <u>Bearden v. Georgia</u>, 461 U.S. 660 (1983) (revocation for nonpayment violates Fourteenth Amendment if defendant has no means to pay restitution).

Webb simply alleges that the state trial court lacked jurisdiction to revoke his probation in CR-2007-21 and therefore violated his right to due process. A violation of due process occurs when an error is so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infected the proceeding and failed to afford the defendant the fundamental fairness which is the essence of due process. <u>See</u> <u>Maggitt v. Wyrick</u>, 533 F.2d 383 (8th Cir. 1976). Webb cannot meet that standard.

It is true that the sixty month probationary period in CR-2007-21 expired before the violation report was signed or filed and before the petition to revoke Webb's probation was filed. It is equally true, though, that the state trial court retained jurisdiction to impose a sentence if Webb failed to satisfy the obligation to pay restitution and court costs. <u>See</u> <u>Hooten v. State</u>, 2014 Ark.App. 375 (Ark.App. 20014)

(three year period of probation/suspended sentence and restitution ordered in 1997; revocation for nonpayment ordered in 2012). That is what occurred in this instance. Webb failed to satisfy the obligation to pay restitution and court costs. The state trial court retained jurisdiction to impose a term of imprisonment for his failure to satisfy that obligation, and the state trial court could and did revoke his probation.

Webb also alleges that "the probation revocation was not supported by sufficient evidence." His claim warrants no relief because he pleaded guilty to the violation report, and a guilty plea waives all non-jurisdictional defects and defenses. See United States v. Jacobson, 406 Fed.Appx. 91, 2011 WL 69115 (8th Cir. 2011).

Webb also alleges that his trial attorney was ineffective for failing to challenge the state trial court's jurisdiction. His claim warrants no relief because counsel did not err in failing to make what would have been an unsuccessful challenge.

RECOMMENDATION. On the basis of the foregoing, the undersigned finds that Webb's claims warrant no relief. It is recommended that his petition for writ of habeas corpus be dismissed, all requested relief be denied, and judgment be entered for Kelley. A certificate of appealability should also be denied.

DATED this _____20_____ day of March, 2015.


_____
UNITED STATES MAGISTRATE JUDGE